IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:02cr65WJG-1

WILL ROBERTSON BROWN

O R D E R

THIS CAUSE comes before the Court on the motion [27] of the Defendant Will Robertson Brown, for records of the probable cause affidavit, indictment, guilty plea and sentencing hearing held in this Court produced at government expense. The motion seeks the records to counter Brown's classification in the Bureau of Prisons. After due consideration of the record in this cause, this Court finds as follows.

Under 28 U.S.C. § 753(f), Brown may be eligible for a free trial transcript, provided certain provisions are met. Section 753(f) reads as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

An indigent defendant is not entitled to a free copy of the transcript of criminal proceedings against him without a showing of factual allegations sufficient for the Court to

determine that the transcript is needed to pursue an appeal or for another particularized need for the transcript such as a collateral attack on the proceeding. *United States v. Shaid*, 916 F.2d 984, 988-89 (5th Cir. 1990). In this case, Brown only mentions that he is seeking to challenge his prison classification with the documents. (Ct. R., Doc. 27.) The Court is unable to certify from this information that the request is not frivolous. The Court, therefore, concludes that Brown is not entitled to a free copy of the transcript of the certain court proceedings or other court materials and finds the motion for documents should be denied. *See Norton v. Kimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Brown may contact the Clerk of the Court, United States District Court Southern District of Mississippi for information regarding the fee for transcription of these proceedings and copies from the court record, should he still desire copies of these proceedings. It is, therefore,

ORDERED AND ADJUDGED that Brown's motion for copies [27] be, and is hereby, denied.

SO ORDERED AND ADJUDGED this 6th day of October, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE