IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  CRIMINAL NO. 1:02cr65WJG-JMR
CIVIL ACTION NO. 1:09cv784WJG-JMR

WILL ROBERTSON BROWN

O R D E R

THIS CAUSE comes before the Court on the motion [29] pursuant to 28 U.S.C. § 2255 filed by Defendant Will Robertson Brown to vacate and set aside or correct his previously imposed sentence . In his petition filed December 3, 2009, Brown contends that his counsel, H.E. Ellis, Sr., was ineffective because he allegedly did not investigate Brown's prior convictions used to sentence Brown as a career offender. (Ct. R., Doc. 29, p. 4.) Defendant claims that the United States violated the plea agreement by placing information in his presentence report [PSR] concerning conduct to which he did not enter a plea of guilty. (*Id*., p. 5.) He also claims that he did not enter his plea knowingly due to the ineffective assistance of counsel, and further claims he is actually innocent of the charge under 18 U.S.C. § 924(e)(1). (*Id*.) Brown asserts that he has never been arrested for trafficking firearms. (Ct. R., Doc. 31, p. 1.) Defendant contends that he is not challenging his sentence, but is seeking a correction of his PSR. (*Id*., p. 2.)

The United States contends that the petition should be dismissed as time-barred because the conviction was final in this case in 2004, and the instant petition was not filed until December 2009 . (Ct. R., Doc. 30, p. 1.) Under 28 U.S.C. § 2255, a one-year period of limitation applies and runs

from the date on which the judgment of conviction is final.  (*Id*.)    The indictment in this case charges Brown with having possessed a firearm on or about July 2, 2002, after having three previous violent felony or drug convictions in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Ct. R., Doc. 10.)  On September 4, 2003, the United States filed a notice of prior violent crime felony conviction in this case which outlines Brown's prior convictions.  (Ct. R., Doc. 19.)  The notice charges that on September 12, 1986, Brown was convicted of second degree arson; on April 18, 1995, Brown was convicted of aggravated assault and aggravated assault on a law enforcement officer; and on April 18, 1995, he was convicted of third degree arson all in the Circuit Court of Jackson County, Mississippi.  (*Id*.)  He was also placed on notice that he would be subject to an enhanced penalty of a mandatory term of no less than fifteen years under 18 U.S.C. § 924(e)(1).  (*Id*.)

Brown pleaded guilty to the charge of felon in possession of a firearm on October 6, 2003.  (Ct. R., Doc. 21.)  Certified copies of court records were included as exhibits to the sentencing proceedings held on January 14, 2004.  (Ct. R., Doc. 23; Exhs. G-1 & G-2.)  Brown was sentenced to 188 months imprisonment, 5 years supervised release, and a special assessment of $100.  The Judgment in this case was entered on January 27, 2004. (Ct. R., Doc. 24, pp. 2, 5-6.)

Included as exhibits to the section 2255 petition are correspondence in which Brown appealed a custody classification apparently based on information contained in his record.  (Ct. R., Doc. 31-2, pp. 1-14.)  Following the sentencing of a federal offender, the Attorney General, through the Bureau of Prisons, [BOP], has the responsibility for administering the sentence.  *See* 18 U.S.C. § 3621(a).  A close reading of Brown's petition reveals that prison authorities changed the custodial classification score of Brown's offense from "moderate" to "greatest severity."  (Ct. R., Doc. 31-2, pp. 2, 4.)  Browns's status was changed because Brown's PSR indicated that Brown's

conduct met the criteria for scoring the severity of his current offense as greatest severity on the offense severity scale. (*Id.*, p. 6.) Brown filed an appeal of the determination and the regional administrative remedy appeal was denied. (*Id.*, p. 9.) The BOP relied upon BOP Program Statements to determine Brown's classification based on the documented offense behavior. (*Id.*)

Inmates have no protectable property or liberty interest in a particular custodial classification. *Wilkerson v. Stalder*, 329 F.3d 431, 435-6 (5th Cir. 2003). Even if inaccurate records resulted in an adverse decision regarding Brown's classification in the system, because he has no protected interest in his prison classification, the Court finds that Brown fails to state a claim upon which relief can be granted and that this motion should be denied. *See generally Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Brown is not challenging his sentence or conviction, but is opposing the manner in which the BOP is carrying out that sentence. A challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration. *See United States v. Diggs,* 578 F.3d 318, 320 (5th Cir. 2009). Rather than prolong the outcome of this case, and in the interest of judicial economy, the Court finds that Brown's petition lacks merit, as outlined above, and that this case should be dismissed with prejudice. It is therefore,

ORDERED that Brown's motion [29] to vacate the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED that this cause be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 26 day of April, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE