IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILL ROBERTSON BROWN                                  PETITIONER

v.                                            CRIMINAL NO. 1:02-cr-65-WJG
                                             CIVIL NO. 1:16-cv-223-LG

UNITED STATES OF AMERICA                             RESPONDENT

<u>**ORDER DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255**</u>

BEFORE THE COURT is the [50] Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Will Robertson Brown. Having reviewed the applicable law and the submissions of the parties, the Court finds that Brown's Motion should be denied because at least three of his previous state court convictions qualify as violent felonies under the "elements clause" of 18 U.S.C. § 924(e)(2)(B)(i).

## BACKGROUND

Brown was convicted under 18 U.S.C. § 922(g) of being a felon in possession of a firearm. This conviction resulted in an enhanced sentence under 18 U.S.C. § 924(e)(1), part of the Armed Career Criminal Act (ACCA), to 188 months and five years supervised release. Specifically, § 924(e)(1) sets a mandatory 15 year (180 months) minimum sentence for a person who violates § 922(g) and has three previous convictions for a violent felony. At the time of Brown's sentence, a crime could qualify as a violent felony under the "elements clause," the "enumerated crimes clause," or the "residual clause" of § 924(e)(2)(B). Because the Court found

1

that Brown had at least three previous convictions for a violent felony, Brown was subject to the minimum sentence set out in § 924(e)(1).

In 2015, after Brown's sentencing, the United States Supreme Court held that the "residual clause" of § 924(e)(2)(B) violated the Constitution's guarantee of due process. *Johnson v. United States,* 135 S. Ct. 2551, 2563 (2015). Brown then filed this Motion arguing that his previous Mississippi state court convictions qualified as violent felonies only under the "residual clause" and should no longer be considered violent felonies under 18 U.S.C. § 924(e)(2)(B). For the reasons discussed below, Brown's Motion is denied.

## DISCUSSION

Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2225(a). Brown contends, based on the Supreme Court's *Johnson* (2015) ruling, that his prior state court convictions for burglary and larceny, aggravated assault, and aggravated assault against a law enforcement officer are not violent felonies under the ACCA, and thus that he is entitled to a sentence correction. The Court discusses each conviction in turn below.

**Aggravated Assault and Aggravated Assault Against a Law Enforcement Officer**

Courts employ a categorical approach when classifying a prior conviction for

sentencing enhancement purposes. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). Under this approach, "the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc). In *Johnson v. United States*, 559 U.S. 133 (2010), the United States Supreme Court clarified that in order for a statute to qualify under the elements clause, the statute must have an element of "physical force," that is, "violent force" capable of causing physical pain or injury to another person. *Id.* at 140.

If "a statute contains multiple, disjunctive subsections," courts apply a modified categorical approach. *See United States v. Sanchez–Espinal*, 762 F.3d 425, 429 (5th Cir. 2014). Under this approach, "courts may 'look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction'" and apply the categorical approach to that version of the crime. *Id.* (quoting *United States v. Bonilla–Mungia*, 422 F.3d 316, 320 (5th Cir. 2005)). "[A court] may review 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented'" in order to determine under which subsection the defendant was charged. *See United States v. Elizondo–Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014) (quoting *Shepard v. United States*, 125 S. Ct. 1254 (2005)). A criminal statute must be divisible—that is, the statute must "comprise[ ] multiple, alternative

3

versions of the crime"—in order for the modified categorical approach to apply. *Descamps v. United States,* 133 S. Ct. 2276, 2283–84 (2013).

The Mississippi aggravated assault statute under which Brown was convicted states in pertinent part:

> A person is guilty of aggravated assault if he:
>
> (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
>
> (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;...

Miss. Code § 97-3-7(2)(a).

This statute is divisible into two parts, (i) and (ii).[1] *See, e.g., Hollins v. United States*, No. 2:11-CR-143-MPM-JMV, 2016 WL 6769026, at *3 (N.D. Miss. Nov. 15, 2016). According to Brown's Presentence Investigation Report, court documents show that Brown was convicted of "attempting to cause bodily injury to [the victim] by shooting at her with a firearm." (Presentence Investigation Report 9, ECF No. 25). This language, as well as Brown's own Motion, indicate that he was convicted under part (ii). (*See* Mot. 12, ECF No. 50).

Brown argues that part (ii) of the statute does not meet the physical force requirement because it could be satisfied by the defendant administering poison to his victim, thus excluding the use of physical force as contemplated by *Johnson*

---

[1]Part (iii) pertains to causing injury to a child exiting a school bus and is clearly inapplicable here.

4

(2010). To support this argument he cites *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), which held that a Texas assault statute did not require the use of physical force because the offense could be committed by the administration of poison. However, the Fifth Circuit has more recently held that a court "need not engage in speculation to identify such remote possibilities." *United States v. Basulto-Reina*, 421 F. App'x 349, 352 (5th Cir. 2011). In *Basulto-Reina*, the Court found that because defendant cited no cases applying the statute at issue in the absence of force, the defendant had not shown a "realistic probability" that the statute could apply in such situations. *Id.* at 353. As a result, the Court ruled that the statute involved the use of force. *Id.* Likewise, Brown has failed to cite any Mississippi cases applying the aggravated assault statute in the absence of force. Therefore, he has not shown a "realistic probability" that the statute could apply in such situations. *See, e.g.*, *United States v. Ceron*, 775 F.3d 222, 229 (5th Cir. 2014). Additionally, Mississippi district courts have ruled that this statute requires as an element the use of physical force. *See, e.g., Beckworth v. United States*, No. 4:12CR88, 2016 WL 4203510, at *4 (N.D. Miss. Aug. 9, 2016); *Farmer v. United States*, No. 1:12CR166-MPM, 2016 WL 4204085, at *4 (N.D. Miss. Aug. 9, 2016).

Furthermore, neither the language of the Mississippi aggravated assault statue nor the "elements clause" distinguishes between an attempt or completion of the defendant's intended action. The "elements clause" includes crimes that have "as an element the use, *attempted use*, or threatened use of physical force against

5

the person of another...." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). Therefore, even an attempted use of physical force, such as at issue here, qualifies as a crime of violence.

Finally, the only difference between the aggravated assault statute and the aggravated assault on a law enforcement officer statute, § 97-3-7(2)(b), is a higher potential prison term. Therefore, aggravated assault on a law enforcement officer also qualifies as a crime of violence under the ACCA.

**Burglary and Larceny**

Brown argues that his conviction for burglary and larceny is not a "violent felony" despite the fact that burglary is an enumerated crime under the ACCA because the Mississippi burglary statute is broader than the generic definition. However, the Court need not address this argument because Brown already has three qualifying convictions under the ACCA.

The ACCA states:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years....

18 U.S.C.A. § 924(e)(1).

Brown's prior convictions for aggravated assault and aggravated assault on a law enforcement officer are violent felonies. In addition, Brown has a prior conviction for arson, which the United States District Court for the Southern District of Illinois has already recognized as a "violent felony" for purposes of the

6

ACCA[2], and which Brown has not challenged in his Motion. Thus, the Court need not determine whether burglary and larceny also qualify as a violent felony because Brown is subject to the § 924(e)(1) sentencing enhancement without such a determination. *See, e.g., United States v. White*, Criminal Action No: 07-0011, 2016 WL 7097365, at *2 n.1 (E.D. La. Dec. 6, 2016) (ruling that the ACCA applied regardless of whether the crime at issue was a violent felony because Petitioner already had more than three convictions for violent felonies); *see also United States v. Joslin*, 487 F. App'x 139, 142 (5th Cir. 2012).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner William Robertson Brown's [50] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[2]*Brown v. Walton*, No. 14-cv-97-CJP, 2015 WL 1064417, at *3 (S.D. Ill. Mar. 9, 2015).